IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID N. FIREWALKER-FIELDS, | ) | |
| Petitioner, | ) | Civil Action No. 7:20cv00745 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HOWARD W. CLARKE, | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

David N. Firewalker-Fields, a Virginia inmate proceeding *pro se*, has filed a petition for a

writ of habeas corpus, pursuant to 28 U. S. C. § 2254.  In an order entered December 15, 2020,

the court advised Firewalker-Fields that his petition appeared to be untimely and gave him an

opportunity to respond with any additional argument or evidence as to the timeliness of his

petition.  (Dkt. No. 2.)  The time for responding has expired, and he has not filed anything else

addressing this issue.

Firewalker-Fields's petition states that he is challenging his 2007 convictions for

solicitation of a minor for sexual intercourse over the internet, in the Page County Circuit Court,

for which he states that he received a sentence of twenty years with fourteen years suspended.

(Dkt. No. 1-1 at 1–3, Sentencing Order.)  The court included as a term of his probation that he

"shall not use or have access to the internet during the period of his probation."  (*Id.* at 2.)  Based

on his claims, though, he appears to be challenging his 2014 and 2017 sentences imposed when

his probation was revoked and part of his suspended sentence was reimposed.

His petition advances two grounds.  First, he claims that one of the terms of his

probation, which includes a "total ban on his internet use and access" is unconstitutional violates

his First Amendment rights.  For support, he relies on the Supreme Court's decision in

*Packingham v. North Carolina*, 137 S. Ct. 1730 (2017).  Second, he argues that the ban on

smartphones and connected devices is unconstitutional, relying on a Virginia intermediate court decision. Because these are not lawful restrictions, his argument continues, the sentences imposed in 2014 and 2017, after he was found to have violated (presumably these) terms of his probation, were unconstitutional. He did not timely appeal from either his 2014 or 2017 sentence.

Moreover, although Firewalker-Fields states that he later filed appeals and habeas petitions with the state court, his appeals (all filed in 2020) were dismissed as untimely. His habeas petition also was dismissed as untimely, as it was filed on August 5, 2020, which was not within two years of his March 21, 2007 judgment. (Dkt. No. 1-1 at 4–9.)

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A)–(D); R. Gov. § 2254 Cases 3(c).

This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Based on records from the Circuit Court of Page County,[1] Firewalker-Fields was originally convicted in two separate cases—Case Nos. CR07F00002-00 and CR07F00003-00—of violations of Virginia Code Ann. § 18.2-374.1, which criminalizes the production of child pornography.  In each, he was sentenced to a ten-year sentence, with seven years suspended, and the sentences were ordered to run consecutively.  Thus, he received a total active sentence of six years.  His probation was revoked in both cases on July 28, 2014, and he was sentenced to a seven-year sentence, with four years suspended in Case No. CR07F00002-01. (On the same date, in Case No. CR07F00003-01, he was sentenced to a seven-year consecutive sentence, but all seven years were suspended.)  According to records in CR07F00003-002, he committed another violation of his probation in June 2017, and on August 28, 2017, he was sentenced to seven years, with no time suspended in that case.  (On the same date, in Case No. CR07F00002-02, he was sentenced to a four-year sentence, but all four years were suspended.)

For purposes of this opinion, the court will use his most recent sentence—the August 28, 2017 sentence imposed upon his second probation violation—as the appropriate judgment for purposes of calculating the limitations period.[2]  Under § 2244(d)(1)(A), Firewalker-Fields's conviction became final, and the statute of limitations began to run on September 27, 2017, when his thirty-day period to file an appeal to the Court of Appeals of Virginia expired.  *See* Va. S. Ct. R. 5A:6 (providing that a defendant has thirty days after entry of judgment to note an appeal). Therefore, Firewalker-Fields had until September 27, 2018, to file a timely federal habeas

---

[1] *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

[2] The Fourth Circuit's reasoning in the similar context of supervised release conditions suggests that the later date may be appropriate, depending on the nature of the challenge to the condition.  *Cf. United States v. Van Donk*, 961 F.3d 314, 325–26 (4th Cir. 2020) (recognizing prior case law, including *United States v. Johnson*, 138 F.3d 115 (4th Cir. 1998), holds that a defendant may not challenge the special conditions of his original term of supervised release during revocation proceedings, but concluding that an as-applied challenge may be brought as part of revocation proceedings).

petition.  He did not file any state petition or federal petition on or before that date.[3]  Instead, he filed his first petition in this court on December 9, 2020, using the date he signed it, which is the earliest date he could have placed it in the prison mailing system.  Accordingly, if calculated under § 2244(d)(1)(A), his petition is not timely.

Firewalker-Fields alleges nothing to support application of § 2244(d)(1)(B) or (D).  Thus, the only other possibility for a later triggering date is § 2244(d)(1)(C): "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Firewalker-Fields relies on the Supreme Court's decision in *Packingham*, which was decided on June 19, 2017, but his reliance is misplaced.  Even if *Packingham* otherwise satisfies the requirements of subsection (C), Firewalker-Field did not file within one year of that case being decided, and his petition is not timely under § 2244(d)(1)(C), either.

Firewalker-Fields's petition is therefore time barred unless he demonstrates that he is entitled to equitable tolling, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), or that he is actually innocent of his conviction, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  Firewalker-Fields's petition does not offer any facts to support equitable tolling or a conclusion that he is actually innocent of his conviction or probation violations.  Instead, he simply argues that the state court's denial of his habeas petition as untimely was contrary to, or involved an unreasonable application of, clearly established law.  He also emphasizes the importance of his ability to have internet access and internet-connected phone access, especially in light of the

---

[3]  Section 2244(d)(2) provides for tolling of the limitation period for "the time during which" a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  Tolling does not delay the beginning of the one-year period; rather, the clock starts running when the event triggering the limitation occurs and keeps running until the year expires or until the clock is stopped by a properly filed state petition for post-conviction relief.  *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).  When the state proceedings are concluded, the year does not start anew; the clock picks up where it left off.  *Id.*  Where, as here, the federal one-year statute has expired before state habeas proceedings are filed, then the federal limitation period already has run.  Any later state habeas proceedings—such as those filed by Firewalker-Fields in 2020—do not affect the timeliness of the federal petition.

Covid-19 pandemic.  These facts may be relevant to the merits of his arguments, but they are insufficient to warrant equitable tolling.

## CONCLUSION

For the foregoing reasons, I conclude that Firewalker-Fields's habeas petition is time-barred and must be dismissed. An appropriate order will be entered.

Entered: March 19, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge